UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                    Case No. 20-cr-20599

    v.                       Hon. Matthew F. Leitman

D-2 CORY JUSTIN MANN, and
D-8 RACHEL DIANE LOCRICCHIO,

    Defendants.

---

**Government's Motion in Limine and Brief in Support Regarding
Willfulness Evidence for Defendants Cory Mann and Rachel
Locricchio for Counts Six to Nine**

---

The United States of America ("the government") hereby files this
motion *in limine* and brief in support for two purposes:  1) to seek a pretrial
ruling to admit evidence of a personal matter between Defendants Cory
Mann and Rachel Locricchio to show willfulness of Defendant Cory Mann
regarding Counts Six to Nine of the Third Superseding Indictment
("Indictment") and for Defendant Rachel Locricchio regarding Counts Eight
and Nine of the Indictment; and, 2) to provide notice to the Court and
Defendants of the governments intent to use the evidence of the personal
matter at trial, if permissible, for Fed. R. Evid. 404(b) purposes.

1

**BRIEF**

COMES NOW the government and hereby files its brief in support of the government's motion *in limine* to admit evidence of a personal matter occurring in 2017 and 2018 involving Defendants Mann and Locricchio (detailed in ECF No. 278 at 23 *Filed Under Seal*) ("personal matter") proving the *mens rea* element of willfulness for Defendant Mann and Defendant Locricchio during the trial in this matter for Counts Six through Nine of the Indictment.

The government will argue to the jury that from 2017 forward, Defendant's Mann asked Defendant Locricchio to do the following: 1) treat Gravity Imaging as a partnership (rather than a Schedule C business) for the 2016 to 2018 tax years, 2) to alter 2018 accounting records to re-categorize funds paid to J&A Consultants (J&A) from a membership distribution to a deduction, and 3) to willfully prepare the false returns at issue, despite Defendant Locricchio's awareness of her duty as an accountant to prepare accurate accounting and tax information.  The government's position will be that Defendant Mann was confident Defendant Locricchio would not question his efforts to fraudulently report Gravity Imaging as a partnership, rather than a Schedule C business, because in 2017 and 2018 Defendant Lorcicchio did not want the personal matter to become public and compromise her personal and professional lives.

The government is seeking a pretrial ruling allowing it to introduce evidence of the personal matter in its case-in-chief because it is inextricably intertwined to the crimes charged and proves the willfulness *mens rea* element of Counts Six though Nine of the Indictment. Should the Court determine the evidence is not inextricably intertwined and proof of willfulness, the government submits the evidence is admissible pursuant to Federal Rule of Evidence 404(b) and is hereby giving notice of its intent to use the evidence as such. Further, the government contends that the probative value of the evidence discussed herein is not substantially outweighed by the chance of unfair prejudice under Fed. R. Evid. 403.

I.     Background

Counts Six and Seven of the Indictment allege Defendant Mann aided or assisted in the preparation and filing of a false Gravity Imaging L.L.C. 2017 Form 1065 and his 2017 Form 1040.  Counts Eight and Nine of the Indictment allege both Defendants Mann and Locricchio aided or assisted in the preparation of a false Gravity Imaging 2018 Form 1065 and Defendant Mann's 2018 Form 1040, respectively.

On February 8, 2023, the government filed a motion under seal seeking to admit evidence of this personal matter as prior bad act evidence regarding Defendant Mann, only. ECF No. 278. On March 1, 2023, this Court ruled,

without prejudice, the evidence was inadmissible because there was a substantial risk of prejudice, and the probative value was "not yet clear" ECF No. 317 at 20-21. However, the court ruled the government may revisit the admissibility of this evidence based on the Defendant Mann's cross-examination of Rehmann personnel. *Id.* at 21.[1] On the date this Court issued the relevant ruling, Defendant Locricchio was not charged with a criminal offense in this matter.

On August 16, 2023, a Flint grand jury returned the Third Superseding Indictment in this matter, charging Defendant Locricchio in Counts Eight and Nine, as noted above.

II.     Case Law

The government bears the burden of proving that Defendants Mann and Locricchio acted willfully in aiding and assisting in the preparation and filing of the false income tax returns identified in the relevant Counts. Regarding Counts Six and Seven, the government must prove Defendant Mann had a duty to aid or assist in the preparation of accurate income tax returns, knowledge of that duty, and that he voluntarily and intentionally violated that duty. *See Cheek v. United States*, 498 U.S. 192, 201 (1991). Willfulness may be proven through inference from conduct meant to conceal

---

[1] "I will hear again from the government at trial, depending on how this comes in, and give them another shot to persuade me, once I see exactly what your (the Defendant) argument is that it's admissible." (ECF No. 317, PageID 5450, Lines 1 – 4).

4

or mislead sources of income of financial information. *Spies v. United States*, 317 U.S. 492, 499 (1943). Because direct evidence of a defendant's state of mind is rarely available, willfulness is generally proven indirectly from the defendant's acts or conduct, such as a consistent pattern of underreporting substantial amounts of income together with a failure to record all the income. *United States v. Garavaglia*, 556 F.2d 1056, 1060 (6th Cir. 1977) (citing *Holland v. United States*, 348 U.S. 121, 139 (1954).

The Sixth Circuit holds that "those other acts that are inextricably intertwined with the charged offense or those acts, the telling of which is necessary to complete the story of the charged offense" constitute background evidence that falls outside the parameters of 404(b) and are admissible as long as there is an adequate "causal, temporal or spacial connection with the charged offense." *United States v. Hardy*, 228 F.3d 745, 748 (6th Cir. 2000).

III.    Analysis

    A.    Defendant Mann and Locricchio Generated Records that are Inconsistent with the Returns Received by the IRS

The government intends to offer the following evidence during the trial on Counts Six to Nine showing both Defendants Mann and Locricchio aided or assisted in the preparation of the Gravity Imaging 2018 Form 1065 and the Defendant Mann 2018 Form 1040:

- Evidence showing Defendant Mann hired accounting firm Rehman, L.L.C. (Rehman) to prepare tax returns and provide other services during the period relevant to Counts Six to Nine. The evidence will show Rehman assigned Defendant Locricchio, then a Rehmann employee, to provide accounting services for Defendant Mann, to include, among other services, gathering details to prepare business and income tax returns for businesses controlled by Defendant Mann. The evidence will further show Rehmann Principal Bryan Kearis ultimately signing the relevant returns before they were submitted to the IRS. The returns at issue for Counts Six to Nine indicate Brian Kearis served as the paid preparer. However,  Rehmann internal documents and witness testimony will reveal Defendant Locricchio performed the hands-on work (e.g.: reviewing general ledgers profit and loss reports; securing specific ownership interest and tax preparation information used to draft, prepare, and finalize details with Defendant Mann; and preparing the ultimate returns for filing with the IRS).

- On approximately December 19, 2017, Defendant Locricchio made entries into her notebook citing, among other things, a potential sale of Gravity Imaging accounts receivable. The notes included the following: "Gravity A/R possible sale $3m @ 33% will be in 2017" indicating notes

6

regarding the "possible" sale of $3 million of Gravity Imaging account receivables at a value of 33% along with apparent notes on the federal and state tax consequences of that transaction to Gravity Imaging, the entity, and Defendant Mann, the individual. Gov. Ex. 44636A at 84.

- On approximately December 21, 2017, Defendant Mann caused a two-page typed document to be generated and executed by Anthony Sereno and himself. The document claimed to "…serve as formal communication between Robin Street Consultants LLC and Gravity Imaging LLC. Robin Street and Gravity were in business as a MRI facility where they co-owned Gravity Imaging the center. Both parties wish to cancel said agreement effective today 12/21/2017. This is full release of the parties…. Robin Street by accepting this ck*(sic)* is releasing their claim to any of the receivable's *(sic)* now or in the past. …Robin Street Consultants LLC indemnifies Gravity Imaging LLC and holds harmless Cory Mann against and in respect*(sic)* of the entire amount of all losses, liabilities, claims, demands*(sic)* lawsuits, proceedings, obligations, fines, penalties, costs, damages, and directly, and expenses of any kind, including reasonable attorney costs, which Mann may sustain, directly or indirectly, as a result of Robyn*(sic)* Streets breach of failure to perform, any of its representations,

warranties, covenants, obligations, liabilities, in which there*(sic)* Marketing efforts may arise" Gov. Ex. 44646A.

- On approximately December 22 and 29, 2017, Gravity Imaging received two deposits into a Gravity Imaging bank account controlled by Defendant Mann totaling approximately $960,399 from a company that purchases the rights to collect outstanding business account receivables (Velocity HRF IV or a predecessor entity). Gov. Ex. 7002B.

- On approximately December 31, 2017, Defendant Locricchio drafted handwritten notes apparently reading "Gravity Imaging, J&A Consultants, Inc. 1/1/18 EIN… …3842  6372 La Costa Dr Unit 105 Boca Raton FL 33433." *See* Gov. Ex. 49732 at 10 (indicating in 2018, the entity J&A Consultants, Inc. filed documents with the IRS using the identifying and contact information: EIN …3842 at 6372 La Costa Dr Unit 105 Boca Raton FL 33433).

- On approximately January 5th, 10th, 17th, and 18th of 2018, Defendant Mann caused Gravity Imaging to issue checks nos. 1366, 1372, 1375, 1381, and 1383 payable to J&A Consultants totaling $215,033.50. Each Gravity Imaging check reads "Member Distribution" in the memo section on the face of the check.

- Rehmann personnel (or Kyle Davis) will testify that in January 2018, Gravity Imaging printed checks using QuickBooks software wherein the

8

words in the memo section of each check are automatically imported into the Gravity Imaging general ledger. He will further testify that in 2017 and 2018, personnel at Rehmann and Kyle Davis shared online access to the Gravity Imaging general ledger and other accounting files. The version of the Gravity Imaging general ledger provided to the government pursuant to a subpoena shows Gravity Imaging issued checks nos. 1366, 1372, 1375, 1381, and 1383 payable to J&A Consultants. The payments, however, are recorded as a "Marketing Expense," a journal entry synonymous with a business deduction. Gov. Ex. 7002B.

- On approximately January 10, 2018, Defendant Locricchio and Kyle Davis exchanged emails. Kyle Davis wrote "Per Cory: 50/50 ownership in 2017 — Mann Global / Robin Street Consultants 50/50 ownership in 2018 — Mann Global / J&A Consultants." Defendant Locricchio replied "Thanks Kyle — he did actually tell me this the last time I was out there. I got the EIN and address of J&A, so I have a note in the file for the K-1 for 2018. I probably need to bug him about updating the operating agreement — if you come across it let me know!" Gov. Ex. 44646F5.

- On approximately January 10th, 17th, and 31st of 2018, Gravity Imaging received deposits into a Gravity Imaging bank account

controlled by Defenant Mann totaling approximately $471,240 from Velocity HRF IV (or a predecessor entity). Gov. Ex. 7002B.

- On approximately January 29, 2018, Defendant Mann exchanged emails with Defendant Locricchio. Defendant Mann wrote, "Rachel this is the partner LLC 50 percent at Gravity. J and A did not work out change to a marketing expense and send out a 1099 ASAP or let me know what we need to do. I'll forward a new OA in the next couple of days call with questions" and including the name of the entity 4 Health Management, LLC. Gov. Ex. 44646F5A.

- In 2018, Defendant Mann caused the drafting and execution of a document that reads "Let this letter serve as formal communication and understanding of our agreement in whole. In Jan 2018 Gravity Imaging brought in [4 Health] as a 50% partner into its business…" and "…[4 Health]…told Gravity and Mann Global LLC (sic)under no circumstances do they call on police reports and or buy police reports from anyone…. …Calling on police reports in the State of Michigan is illegal for the first 30 days…." The document, signed by Mirna Fayad and Cory Mann, is dated January 1, 2018. Gov. Ex. 44646D.

- On approximately January 29, 2018, Defendants Mann and Locricchio exchanged emails with attorney Kenneth Boyer writing "Per 2016 tax return there are two members; … [Mann Global and Robin Street] ….

you advised you are now the only member…." Defendant Mann responded, "Robin Street was bought*(sic)* in*(sic)* DEC 31st 2017." Gov. Ex. 44646F8A

- On approximately May 31, 2018, Defendant Mann (signing on behalf of Mann Global) and Mirna Kamal Fayad (signing on behalf of 4 Health Management) executed a document that was drafted by attorney Kenneth Boyer and is titled "Sale of Membership Interest Agreement." The document provided, in part, Mann Global was the "Sole member of Gravity [Imaging] and owns One Hundred (100%) percent of the membership interest in Gravity [Imaging]". The document indicates Defendant Mann, on behalf of Mann Global, sold 100% of Mann Global's ownership interest in Gravity Imaging to 4 Health Management. Gov. Ex. 44646D.

- On approximately February 15, 2019, the IRS received a Gravity Imaging 2018 Form 1065 that reported, among other things:  Line 20 total deductions that included $563,206 of Professional Assistance, comprised in part of the $215,030 of checks from a Gravity Imaging account and made payable to J&A as a "Membership Distribution" on the face of each check. Trial evidence will show the inclusion of the $215,030 of J&A Checks as a deduction on the tax return received by

11

the IRS had a tax effect for the Gravity Imaging 2018 Form 1065 and Defendant Mann's 2018 Form 1040.

B.    Defendant Mann and Defendant Locricchio Concealed Material Records from Bryan Kearis who signed the Relevant 2018 Returns as the Paid Preparer

***The government anticipates trial evidence will show Defendant Mann held a 100% ownership in Gravity Imaging from September 2015 to approximately May 31, 2018 and operated it as a Schedule C business***.  The government anticipates Defendants Mann and Locricchio will argue Gravity Imaging operated as a partnership from January 1, 2016 to May 31, 2018 with Mann Global and Robin Street maintaining 50% ownership interests.

Trial evidence will show both Defendants Mann and Locricchio aided or assisted in the preparation of Gravity Imaging's 2018 Form 1065 (Count Eight) and Defendant Mann's 2018 Form 1040 (Count Nine) by intentionally including false information on those returns inconsistent with information found in documents and emails drafted by the defendants. For example, Bryan Kearis will testify he signed the Gravity Imaging 2017 and 2018 Forms 1065 and the Defendant Mann 2017 and 2018 Forms 1040, but Defendants Mann and Locricchio failed to provide material evidence needed to prepare accurate returns. Kearis will testify that Defendant Mann failed to provide a copy of the purported "Gravity/Robin Street buyout" document executed by

Defendant Mann on December 21, 2017. This information is material because if Gravity operated as a partnership between Mann Global and Robin Street Consultants in 2017, then following a "buyout" it would be owned 100% by Mann Global, meaning the $960,399 of funds deposited into Gravity bank accounts on December 22nd and 29th of 2017, would be 100% taxable income to Mann Global. In reality, the Gravity Imaging's 2018 Form 1065 filed with the IRS included a Schedule K-1 indicating Robin Street was 50/50 owner through December 31, 2017, ten days after the purported buyout of Robin Street Consultants and 9 days after the first payment to Gravity Imaging by Velocity.

Kearis will also testify neither Defendant Mann nor Locricchio provided copies of emails and handwritten notes generated in December 2017 and January 2018 showing Defendant Mann intended to make J&A Consultants a 50/50 partner in 2018. Kearis will testify the Gravity Imaging 2018 Form 1065 prepared by Defendant Mann and Locricchio does not include a Schedule K-1 showing J&A received membership distributions in January 2018 and thus that return is not consistent with: i) documents showing the intent of Defendant Mann was to make J&A Consultants a 50/50 partner in January 2018; combined with ii) checks issued by Gravity Imaging made payable to J&A totaling $215,033.50 and bearing a note in the memo section reading "Membership Distribution."

13

The government anticipates attorney Brian Lennon, serving as counsel to Rehmann, will testify that in 2023, while preparing for trial in this matter, Defendant Locricchio told Lennon *words to the effect* that Defendant Mann was aware of a personal matter that occurred during 2017 and 2018 that she did not want to become public or to be discussed in a courtroom during a criminal trial because it would have severe personal and professional consequences for Defendant Locricchio. To avoid any defense argument that his testimony will be too prejudicial to permit, the government has already informed defense counsel that it will instruct witnesses to refer to the Defendant Locricchio statements referenced above (detailed in ECF No. 278 at 23 *Filed Under Seal*) as a personal matter and omit all additional detail, unless this Court instructs them to testify differently.

   i.   Evidence of the Personal Matter Shows Willfulness for Defendant Mann

The government will argue to the jury regarding the element of willfulness for Counts Six to Nine for Defendant Mann that from 2017 forward Defendant Mann knew he had a duty to provide accurate Gravity Imaging business and accounting records and corresponding 2017 and 2018 Gravity Imaging and personal tax returns The government will further argue that because Defendant Mann was aware of the relevant personal matter, he believed Defendant Locricchio would ignore his failure to provide Rehmann

14

personnel with a Gravity Imaging operating agreement despite multiple requests from Rehmann in 2017 and 2018 and follow his direction to alter 2018 Gravity Imaging accounting records to re-categorize funds paid to J&A as a deduction.

        ii.    Evidence of the Personal Matter Shows Willfulness for Defendant Locricchio

The government will argue to the jury regarding the element of willfulness for Counts Eight and Nine for Defendant Locricchio, that from 2017 forward Defendant Locricchio followed Defendant Mann requests to treat Gravity Imaging as a partnership (rather than a Schedule C business), to alter 2018 accounting records to re-categorize funds paid to J&A as a deduction, and to willfully prepare the false returns at issue (Gravity Imaging 2018 Form 1065 and Defendant Mann 2018 Form 1040). The government will further argued that Defendant Locricchio followed the requests despite her duty as an accountant to prepare accurate accounting and tax information to avoid public testimony about the relevant personal matter.

Therefore, the court should admit testimony about Defendant Locricchio as evidence of Defendant Mann's willfulness to commit Counts Six through Nine and Defendant Locricchio's willfulness to commit Counts Eight and Nine.

C.    *Proposed Mens Rea Evidence is Also Admissible Pursuant to Fed. R. Evid. 404(b)*

Should the court determine the evidence regarding the personal matter discussed above is not inextricably intertwined and proof of willfulness to Counts Six through Nine, the government argues the evidence is admissible pursuant to Rule 404(b) of the Fed. R. of Evid., as it proves the Defendants motive, intent, plan, knowledge, identity, and absence of mistake or accident.

Fed. R. of Evid. 404(b) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

Fed. R. Evid. 404(b). Rule 404(b) is a rule of inclusion rather than exclusion. *United States v. Myers*, 102 F.3d 227, 235 (6th Cir. 1996). The Sixth Circuit has stated that "prior bad acts and communications of third persons who are participants in a multi-party . . . scheme are admissible as long as they constitute part of the same criminal episode, whether or not a conspiracy is charged, and as long as independent evidence ties the defendant to that

16

scheme." *United States v. Toney*, 161 F.3d 404, 413-14 (6th Cir. 1998).
Extrinsic acts evidence may be critical, ... especially when the issue involves
the actor's state of mind and the only means of ascertaining that mental state
is by drawing inferences from conduct. *Huddleston v. United States*, 485 U.S.
681, 685 (1988).

The proffered evidence of a personal matter discussed above will be
offered by the government to prove the defendants' intent to prepare and file
fraudulent tax returns, knowledge of the fraudulent information on the
relevant tax returns, and absence of mistake or accident. Further, the
probative value of this evidence is not substantially outweighed by the
chance of unfair, or undue, prejudice, pursuant to Fed. R. Evid 403(b).

In addition, as noted above, the government previously filed a motion
(ECF No. 278) requesting the Court allow the government to admit evidence
of wrong or bad acts by Defendant Mann, specifically, the personal matter
between the Defendants. The Court previously denied the government's
motion without prejudice and stated that it would hear the government's
argument again at trial based on how the Defendant's present their
arguments. In light of the Court's ruling, the government, in an abundance of
caution, is giving the Court and Defendants notice of the government's
possible intent to introduce the evidence at trial, if permitted, through FRE
404(b). The government wants to avoid a situation where the Court opens

17

the door for the government to admit the evidence, the government seeks to admit it under Fed. R. Evid. 404(b), but is subsequently denied because it has not provided the parties prior notice of its intent.

III.   Conclusion

Wherefore, the government respectfully gives notice of its intent to admit the evidence discussed above. This evidence is admissible to prove the willfulness of Defendants Mann and Locricchio for Counts Six to Nine of the Indictment or alternatively pursuant to Fed. R. Evid. 404(b).

Date: March 14, 2024                    Respectfully submitted,

STUART M. GOLDBERG
*Acting Deputy Assistant*
*Attorney General*
U.S. Department of Justice, Tax Division

/s/Mark McDonald
Mark McDonald (VA72198)
Christopher P. O'Donnell (MA643949)
Trial Attorneys
600 Church Street
Flint, Michigan 48502-1280
(202) 305-2672

## CERTIFICATE OF SERVICE

Pursuant to E.D. Mich. LR 7.1 and LCrR.12.1, the government certifies that it contacted defense counsel on March 8, 2024 in this matter to seek concurrence with the relief sought in this motion, but was unable to secure their concurrence.

I hereby certify that on Mach 14, 2024, I electronically filed and emailed a copy of the foregoing document with the Clerk of the Court using the ECF system. The ECF system will automatically serve counsel of record.

/s/ Mark McDonald
Mark McDonald
Trial Attorney