UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

D-8 RACHEL DIANE LOCRICCHIO,

Defendant.

Case No. 20-cr-20599-8 (MFL)(CI)

Hon. Matthew F. Leitman

**DEFENDANT'S COMBINED MOTION AND BRIEF
TO MODIFY PROTECTIVE ORDER (ECF NO. 345)**

A protective order that on its face survives the underlying litigation continues to have full force and effect on the parties subject to it even after final resolution of the underlying case. U*nited Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424 (1990); see generally *United States v. Raheja*, 2023 WL 360987 (N.D. Ohio Jan 23, 2023) (unpublished) (attached as Ex. A).  The issuing court retains jurisdiction and authority to modify or revoke such protective order even after the case has closed.  *United Nuclear Corp.*, 905 F.2d at 1427 (10th Cir. 1990); *Garton v. Crouch*, 2024 WL 3569520, at *4 (2024) (citing *United Nuclear Corp.*) (unreported) (attached as Ex. B).

Pursuant to Fed. R. Crim. P. 16(d)(1), Locricchio seeks modification of the protective order for good cause to allow her criminal attorney, Ms. Kriger, to provide nonprivileged case files in response to a subpoena issued in a civil action.

Pursuant to L.R. 7.1, concurrence was not obtained.  Despite reasonable and timely efforts specified in the motion or request, the movant was unable to conduct a conference.

### Background

Locricchio has filed a lawsuit against Brian Lennon, Scott Carvo, and Warner Norcross + Judd for, among other things, legal malpractice.  (A copy of the complaint is attached as Ex. C.)  The lawsuit, *Locricchio v. Warner Norcross + Judd, et al.*, Case No. 25-005034-NM (the "Civil Case"), is pending in Wayne County Circuit Court. The gravamen of the lawsuit is that the defendants in the civil action disclosed client confidences to Locricchio's employer that caused her termination.  The defendants in the civil action have taken the position that they were not Locricchio's attorneys, notwithstanding several FBI-302 interview memoranda stating that Lennon was representing Locricchio during her FBI interviews.  (A copy of some of these interview memoranda will be provided to the Court with the courtesy copy of this motion and brief.)

2

A protective order was entered in the Civil Case.  (A copy of the protective order is attached as Exhibit D.)

The defendants in the Civil Case have requested Locricchio produce nonprivileged materials concerning her criminal case possessed by Ms. Kriger.  In addition, Ms. Kriger has received a subpoena for the same.  (A copy of the Civil Case defendants' motion to compel Ms. Kriger is attached as Exhibit E.)

**Argument**

The party seeking modification of a protective order bears the burden of establishing good cause for the modification.  *In re Southeastern Milk Antitrust Litigation*, 666 F.Supp.2d 908, 914 (2009).  Good cause can be established when necessary "to meet the reasonable requirements of parties in other litigation." *Meyer Goldberg, Inc., of Lorain v. Fisher Foods, Inc.*, 823 F.2d 159, 163–64 (6th Cir. 1987).

In deciding whether to modify an existing protective order, the court must balance the *potential* harm to the party seeking protection against the requesting party's need for the information and the public interest served by its release. *In re Southeastern Milk Antitrust Litigation*, 66 F.Supp.2d at 914.

If access to protected materials can be granted without harm to legitimate secrecy interests, or if no such interests exist, continued judicial protection cannot

3

be justified, and *access* should be granted even if the need for the protected

materials is minimal.  *See Meyer Goldberg, Inc.,* 823 F.2d 159 at 163–64.

The government does have legitimate secrecy interests concerning the

disclosure of criminal discovery beyond the necessary personnel in a criminal case.

But this case is *unusual*.

Multiple grand jury transcripts have been unsealed, including the transcript

concerning Locricchio's indictment.  (Case No. 25-mc-51493, ECF No. 6.)  In

addition, the government has been sued based on alleged misconduct that occurred

during the prosecution of Locricchio and others—all of which will make public the

actions of the government during the prosecution of Locricchio and others.  *Mann*

*v. United States et al.*, Case No. 26-cv-10930 (MFL)(KGA).

The case materials, as established by the FBI-302s submitted to chambers,

are material to Locricchio's ability to pursue the Civil Case.  And the defendants in

the Civil Case are insistent on being able to review the entirety of the

nonprivileged portion of Locricchio's criminal attorney's file.  Accordingly,

Locricchio seeks modification to meet reasonable requirements in the Civil Case.

In addition, the government's secrecy concerns will be mitigated further by

the fact that there is a protective order in place in the Civil Case.

## Conclusion

Locricchio seeks modification of the protective order to allow her to produce the nonprivileged portion of her criminal attorney's file marked as "confidential" pursuant to the protective order in place in *Locricchio v. Warner Norcross + Judd et al.*, Case No.  (Ex. D.)

Respectfully submitted,

/s/ Patrick J. Hurford
Patrick J. Hurford (P82903)
645 Griswold St. (Suite 1717)
Detroit, MI 48226
Tel: (313) 938-0693
E-mail:  patrick@hurford.law

Date: June 10, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2026 I electronically filed this brief using the ECF system which will send notification of the filing to all counsel of record included in the ECF system.

Respectfully submitted,

/s/ Patrick J. Hurford
Patrick J. Hurford (P82903)
645 Griswold St. (Suite 1717)
Detroit, MI 48226
Tel: (313) 938-0693
E-mail: patrick@hurford.law

Date: June 10, 2026